**KISOB LAW FIRM**
Apemwoyah Kisob Alaric-Lorenzo Esq. (SBN. 321507)
Attorney and Counselor-at-Law
New York, California, Nigeria & Cameroon
3680 Wilshire Blvd Suite P 04-1147
Los Angeles CA 90010
Alkisob@kisoblaw.US
Telephone:  7028634243
Fax:  2133838080

Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WONDER LUEM; BRITTANY OSBORNE; MARCUS FRANCIS.<br><br>**Plaintiffs,**<br><br>vs.<br><br>GREENFIELD CHURRASCARIA, INC.; HUCK KIM; DOES 1 Through 10, Inclusive.<br><br>**Defendant(s)** | Case No.: 2:23-cv-06203<br><br>**COMPLAINT FOR:**<br><br>1. **Violation of 42 U.S.C section 2000a.**<br>2. **Violation of 42 U.S.C section 1981.**<br>3. **Discrimination in violation of the Unruh Civil Rights Act.**<br>4. **Intentional Infliction of Emotional Distress.**<br>5. **Negligent hiring, supervision or retention of employee.**<br>6. **Violation of Business and Professions code section 17200, also known as California's Unfair Competition law ("UCL").**<br>7. **Violation of the Tom Bane Civil Rights Act.**<br>8. **Breach of Contract.**<br><br>**DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

1.  Plaintiffs Wonder Luem, Brittany Osborne and Marcus Francis (collectively "**Plaintiffs**") bring this action to address devastating discriminatory treatment they received at Green Field Churrascaria Restaurant located at 5305 E Pacific Coast Hwy, Long Beach, CA 90804 ("**the restaurant**"), on May 14, 2023.

Luem Et al. V. Greenfield Churrascaria Inc. Et al. COMPLAINT FOR DAMAGES

- 1

## PARTIES

2. At all times mentioned herein, Plaintiffs have resided in Los Angeles County, California.

3. Plaintiffs are informed and believe and based thereon allege that at all times mentioned herein, Defendant Greenfield Churrascaria, Inc. ("**Greenfield**" or "**Defendant**" or "**The Restaurant**") is a California Corporation doing business in Los Angeles County as Green Field Churrascaria Restaurant.

4. Plaintiffs are informed and believe and based thereon allege that at all times mentioned herein, Huck Kim ("**Defendant Kim**") has resided in Los Angeles County and is an employee of Greenfield.

5. Defendants' wrongful acts were committed in Los Angeles County, California. Plaintiffs are yet to ascertain the true identities of Defendants sued herein as Does 1 through 10. Greenfield, Huck Kim and DOE Defendants shall be referred to collectively as "**Defendants**."

6. Plaintiffs are informed and believe and based thereon allege, that at all times mentioned herein, Defendants including DOES 1 through 10, were the agents, employees, representatives, fiduciaries, insurers, and/or co-conspirators of each other. Defendants were acting within the course and scope of such relationship and are responsible for the acts alleged herein and as proximate cause for Plaintiffs damages.

7. Greenfield is liable for all tortious actions of its employees under the doctrine of Respondeat Superior. "An employer may be held vicariously liable for torts committed by an employee within the scope of employment." (*Mary M. v. City of Los Angeles* (1991) 54 Cal.3d 202, 208). The Plaintiff bears the burden of proving that the employee's tortious act was committed within the scope of employment. (*Mary M. v. City of Los Angeles* (1991) 54 Cal.3d 202.). Conduct is within the scope of employment if: "It is reasonably related to the kinds of tasks that the employee was employed to perform; or It is reasonably foreseeable in light of the employer's business or the employee's job responsibilities." (CACI No. 3720). There is no doubt that all discriminatory acts by Greenfield's employees were carried out within the scope of their employment.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction because this action is brought pursuant to 28

Luem Et al. V. Greenfield Churrascaria Inc. Et al. COMPLAINT FOR DAMAGES

- 2 -

U.S.C. § 1331 (federal question), as it arises under the Constitution and laws of the United States, and specifically pursuant to 28 U.S.C. §1343, as this action seeks redress for civil rights violations under 42 U.S.C. §§ 1981 and 2000a.

9. Venue is proper in this judicial district because Defendants reside in, can be found in, transact business in, and/or maintain their principal offices in Los Angeles County and Defendants' wrongful acts were committed in Los Angeles County.

10. Plaintiffs' claims for attorneys' fees and costs under federal law is predicated upon 42 U.S.C. § 1988, which authorizes the award of attorneys' fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S. Code § 12205; 42 U.S. Code § 2000a–3 which authorizes the award of attorneys' fees and costs to prevailing plaintiffs in actions brought pursuant to 42 USC 2000a.

11. This Court has supplemental jurisdiction over Plaintiffs' state-law claims pursuant to 28 U.S.C. § 1367, as they arise from the same case or controversy as Plaintiffs' claims under federal law.

12. Plaintiffs' claims for attorneys' fees and costs under state law is predicated upon California Civil Code § 52.1 and 52(a), which authorize the award of attorneys' fees and costs in an action brought under those statutes, and California Code of Civil Procedure § 1021.5, which authorizes the award of attorneys' fees and costs to prevailing plaintiffs whose actions vindicate important rights.

**FACTS COMMON TO ALL CAUSES OF ACTION**

13. Upon information and belief and based thereon, Plaintiff Luem called the Restaurant to make reservations for Mother's Day on Sunday, May 14, 2023, at 1:00 p.m., for a party of three.

14. Upon information and belief and based thereon Plaintiff Luem and her daughter, Plaintiff Osborne arrived at the Restaurant at 12:55 p.m. Plaintiff Luem sent Plaintiff Osborne into the restaurant to check in while she parked the car. The maître d' asked Plaintiff Osborne whether all members of their party were there and she said no.

15. Upon information and belief and based thereon, Plaintiff Luem walked into the restaurant five minutes later and when Plaintiff Osborne informed her of the question the maître d' had asked her, Plaintiff Luem walked up to the maître d' to let her know that her son, Plaintiff Francis was running late but that she and her daughter would like to be seated. The maître d' said that they were going to get Plaintiffs' table ready so Plaintiff Luem took a seat in the lobby.

**Luem Et al. V. Greenfield Churrascaria Inc. Et al. COMPLAINT FOR DAMAGES**

- 3 -

16. Upon information and belief and based thereon, the lobby was full of guests waiting to be seated. A family of five walked in shortly after Plaintiff Luem had spoken with the maître d' and the man approached the maître d' and told her he had a party of five. Plaintiff Luem heard her ask him "Sir do you have a reservation" and he replied, "No." The man had a seat with his family next to where Plaintiff Luem was sitting in the lobby.

17. Upon information and belief and based thereon at about the same time, an Asian female employee approached and asked the maître d' who was next to be seated. The Asian female employee began to seat the guests and even the family of five who walked in shortly after Plaintiffs Luem and Osborne who were the last ones waiting in the lobby to be seated.

18. Upon information and belief and based thereon, after all the guests had been seated, the Asian female employee walked over to the maître d' who stated that Plaintiffs were waiting to be seated. The Asian woman walked toward the dining room location, and after a long time, the maître d' left her station to walk to the dining room location to see why it was taking the Asian employee so long. Plaintiff Luem watched the maître d' stand in the dining room located near the bar area waiting for the Asian woman to let her know the table was ready. The Asian woman never returned to the lobby, and the maître d' summoned Plaintiffs to follow her. The Maitre d' was walking toward an open area where there were several open tables. She initially took Plaintiffs to a table located in the center of the restaurant and she was stopped by the Asian woman and told to seat Plaintiffs on the side which was near the kitchen area.

19. Upon information and belief and based thereon, even with a reservation, Plaintiffs had to wait until all the other guests were seated including the family of five who walked in after them without any reservation. Plaintiffs noticed that the restaurant dining room was not full and there were a lot of available tables in the middle of the restaurant. Plaintiffs were seated approximately 35 minutes after arriving. Plaintiff Osborne and Ms. Leum went to the salad bar and got salads while waiting for Plaintiff Francis.

20. Upon information and belief and based thereon, Plaintiffs' waiter, Oscar, went to Plaintiffs' table, and they told him Plaintiff Francis was running late but they would like to order two Sprite sodas and water.

**Luem Et al. V. Greenfield Churrascaria Inc. Et al. COMPLAINT FOR DAMAGES**

- 4 -

21. Plaintiffs did not want to start with the meat selection until Plaintiff Francis arrived so they left the peg on the table as red which meant they were not ready for the meat to be served. Plaintiff Francis did not arrive until approximately 2:00 p.m. Once he arrived, the waiter, Oscar, asked him what he would like to drink, and he stated that he wanted water only. Plaintiffs then flipped the peg over to green which meant they were ready for the meat to be served. Plaintiff Francis did not go to the salad bar, he initially was only eating meat.

22. Upon information and belief and based thereon, after sitting and talking for a while, Plaintiff Francis went to the salad bar and came back to the table with his salad. After Plaintiff Luem and Plaintiff Osborne went to the salad bar three times, they stopped eating. Plaintiff Francis had only gone to the salad bar once. After sitting and talking for a while, Plaintiff Osborne asked Oscar if she could get more of the cheese bread and he stated "Ok", but he never came back with the basket of cheese bread.

23. Upon information and belief and based thereon, Plaintiff Francis made a second round to the salad bar. At that time, all Plaintiffs had stopped eating meat. Plaintiff Luem asked the waiter Oscar if he could please bring the check. Plaintiff Francis said, "Mom I'm going to the salad bar one more time." And Plaintiff Luem said "okay" but Plaintiff Francis didn't get up immediately because Plaintiffs were still talking. Oscar had taken a while before he returned with the check. When he brought the check, Plaintiff Francis pulled out his credit card and placed it in the folder. Oscar retrieved the credit card and came back with the slip for him to sign. Plaintiff Francis signed the credit card slip and placed a forty-dollar cash tip for the waiter, the folder sat on the table for a while before Oscar removed it.

24. Upon information and belief and based thereon Plaintiff Francis went to the salad bar for the third time. While standing in line to get food, Defendant Kim and another employee in a black suit approached him. One of the men, Defendant Kim, told Plaintiff Francis "You can't get any more food because you have been here too long and if you get any more food, I'm going to charge you double." Plaintiffs believed the man to be the owner of the restaurant. When Plaintiff Francis returned to the table, he said "Mom you are not going to believe what just happened to me." He then narrated what happened. When Plaintiffs saw the Asian woman who initially wouldn't seat them, they asked for the owner's name, a business card, and a copy of the written policy stating that there was a limit on the time in the restaurant. The Asian woman only brought back a business card.

Luem Et al. V. Greenfield Churrascaria Inc. Et al. COMPLAINT FOR DAMAGES

- 5 -

25. Upon information and belief and based thereon, shortly after that, Defendant Kim, whom Plaintiffs believed to be the owner, approached the table and told them that they had been there too long, and that the restaurant will not continue to serve Plaintiffs. He went on to say you can't be here over two and a half hours. Plaintiff Luem stated that not once did the waiter tell them there was a time limit in the restaurant, and asked where it was stated in writing in the restaurant that there is a limited time at the All-You-Can-Eat Buffet. Mr. Kim further stated that "you have to leave now, or I will call the police." Plaintiff Luem replied "Ok sir you can call the police because my children and I have not committed a crime, and my son just paid almost three hundred dollars to dine here." Mr. Kim then went on to say that Plaintiffs "can go across the street." Plaintiffs do not know what he was insinuating. From all indications, it was another way of telling Plaintiffs that they did not belong in the restaurant.

26. Upon information and belief and based thereon, Plaintiff Luem told Defendant Kim, "Sir, you are humiliating and intimidating my family, for no good reason. I'm fully aware that I'm not impeding your business from making money because you have a lot of open tables for customers." Defendant Kim said it didn't matter, "you have been here too long." Plaintiff Luem told him that she saw his words and action as a form of discrimination, and he stated, "I don't know how old you are, but you don't know what discrimination is, I do, so don't tell me it is discrimination." He further stated, "I went to a school in the South where I got teased and they made fun of my eyes, and that was discrimination." Plaintiff Luem replied, "Sir I'm a sixty-three-year-old professional with a Ph.D and I'm fully aware of what is happening to me and my children."

27. Upon information and belief and based thereon Defendant Kim left the table again, came back for the third time, and said, "I apologize, but I need to turn my tables." Plaintiff Luem said "Sir you have a lot of open tables, is it about the customer dining experience or turning tables as quickly as you can?" Defendant Kim had also brought with him uncooked cheese bread in a plastic container and placed it on the table. Plaintiff Luem found this insulting because her daughter had asked the waiter for cheese bread and he never brought it to the table, but Defendant Kim then brought uncooked cheese bread and told Plaintiffs that they need to cook it.

28. Upon information and belief and based thereon, as guests, Plaintiffs expected to be given safe and properly prepared food and not be given raw dough with cheese. Plaintiffs saw this as a food

**Luem Et al. V. Greenfield Churrascaria Inc. Et al. COMPLAINT FOR DAMAGES**

- 6 -

and safety violation by giving a diner uncooked food which required refrigeration. Plaintiffs never asked for any takeout because they did not intend to take food out of an "All You Can Eat Buffet."

29. Upon information and belief and based thereon, Defendant Kim knocked over Plaintiff Luem's glass of water and didn't summon the waiter to clean it up nor did he get a napkin to try to clean up the water spill. The water got all over Plaintiff Luem's purse. At that time Plaintiffs got up and left the restaurant.

30. Upon information and belief and based thereon as Plaintiffs were walking out of the restaurant, some of the kitchen staff and customers were staring at them, which made them feel very uncomfortable.

31. Upon information and belief and based thereon, Defendants ruined a beautiful afternoon and Mother's Day for Plaintiffs. They turned it into a stressful, embarrassing, and hurtful situation, for no good reason. Defendants treated Plaintiffs like they committed a crime. For a mother like Plaintiff Luem, it hurt her so badly to see her young son trying to honor her on Mother's Day, only to lead to him and his family being humiliated in front of the other customers, and to top it off, Defendant Kim threatened to call the police on Plaintiffs while the customers were all looking at them.

32. Upon information and belief and based thereon, Plaintiff Osborne is disabled, and that level of stress as a chronic asthmatic and cardiac patient could have triggered an asthma attack. Out of respect for Plaintiffs, Defendants had to go to their table initially, and bring it to their attention, without verbally threatening Plaintiff Francis in the buffet line in front of the other customers.

33. One only gets one time a year to celebrate Mother's Day and create memories. Plaintiff Luem drove an hour and a half to dine at Green Field Churrascaria Brazilian Steakhouse Restaurant – All You Can Eat Buffet. Plaintiffs were so upset about what happened that they forgot to take pictures to preserve memories. Plaintiff Luem raised her children to be God-fearing and respectful to others even in the midst of being maltreated. She is proud of her children and their humble demeanor despite how they were treated. Plaintiffs are a very humble family, not loud or disrespectful. Even when the Restaurant's employees humiliated Plaintiff Francis, he still showed Defendant Kim and the man in the black suit respect. After Defendant Kim had left the table, one of the waiters who was serving Plaintiffs stated:

**Luem Et al. V. Greenfield Churrascaria Inc. Et al. COMPLAINT FOR DAMAGES**

- 7 -

"I'm sorry, he was wrong, because you and your daughter had stopped eating a long time ago." He went on to say, "Can you imagine what I go through as a worker here."

34. Upon information and belief and based thereon, Plaintiffs can never forget this incident and would forever be tortured by it. Non-Black customers at the restaurants were not treated in the same way. Plaintiff Luem has cried endlessly because of this incident. Each time she thinks of it, it brings her to tears. Plaintiff Luem has suffered from anguish, headaches, and emotional distress arising from the incident of being humiliated in front of her children. Plaintiffs Osborne and Francis were left devastated and have lost sleep because of the way they were treated on a day when they decided to celebrate their dear mother.  Plaintiffs may never recover from this.

## FIRST CLAIM FOR RELIEF

## (DISCRIMINATION IN VIOLATION OF 42 U.S.C. SECTION 2000a.)

**(**Brought By all Plaintiffs Against Defendant Greenfield)

35. Plaintiffs hereby restate and incorporate by reference the preceding paragraphs as if set forth herein.

36. 42 U.S. Code § 2000a(a) provides that "All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin." *Id.*

37. The Restaurant is a place of public accommodation under the act and as such 42 U.S. Code § 2000a(a) applies.

38. Defendants targeted Plaintiffs because of their race and denied them the opportunity to eat in peace and for as long as they wanted even though it was an "All You Can Eat Buffet". Plaintiffs are seriously devastated by the incident and have been left severely damaged emotionally.  Plaintiff Luem has cried endlessly because of this incident. Each time she thinks of it, it brings her to tears. Plaintiff Luem has suffered from anguish, headaches, and emotional distress arising from the incident of being humiliated in front of her children. Plaintiffs Osborne and Francis were left devastated and have lost sleep because of the way they were treated on a day when they decided to celebrate their dear mother. Plaintiffs may never recover from this.

Luem Et al. V. Greenfield Churrascaria Inc. Et al. COMPLAINT FOR DAMAGES

- 8

39. On June 23rd 2023, as required by 42 U.S. Code § 2000a–3(c), Plaintiffs through their Attorney of record notified the California Civil Rights Department about the facts giving rise to this lawsuit. It has been more than 30 days since that notification and for that reason, Plaintiffs can bring suit.

**SECOND CLAIM FOR RELIEF**

**VIOLATION OF 42 U.S.C. SECTION 1981**

(Brought By all Plaintiffs Against all Defendants)

40. Plaintiffs hereby restate and incorporate by reference the preceding paragraphs as if set forth herein.

41. 42 U.S.C. section 1981, prohibits discrimination in the making and enforcement of contracts. The law states in pertinent part: (a) All persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens. (b) For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

42. Section 1981 was intended to "proscribe discrimination in the making or enforcement of contracts against, or in favor of, any race". Id. *In Runyon v. McCrary*, 427 U.S. 160 (1976), the Supreme Court held that section 1981 regulated private conduct as well as governmental action.  When the restaurant targeted and discriminated against Plaintiffs, it violated 42 U.S.C. Section 1981. Racial animus and "intent to discriminate" are not synonymous. See, e.g., *Ferrill v. Parker Group, Inc.*, 168 F.3d 468, 472-73 (11th Cir.1999). In other words, ill will, enmity, or hostility are not prerequisites of intentional discrimination. Id. at 473. Defendants who act with no racial animus but act, whether consciously or unconsciously, on the basis of racial stereotypes or preconceived notions about Plaintiffs can be held liable for intentional discrimination within the meaning of section 1981. See Id. at 472-73 (Defendant who acted without racial animus but consciously and intentionally made job assignments based on racial stereotypes is liable for intentional discrimination).

43. Plaintiffs were targeted as they were making and/or enforcing a contract with the restaurant. A literal reading of Section 1981(c) makes this very evident. Privileges and benefits are protected under

Luem Et al. V. Greenfield Churrascaria Inc. Et al. COMPLAINT FOR DAMAGES

- 9 -

the law and any attempt to thwart its clear meaning would result in a miscarriage of Justice. To prevail under a section 1981 claim, the plaintiff must prove a prima facie case of intentional discrimination. *Wallace v. Texas Tech Univ., 80 F.3d 1042, 1047* (5th Cir. 1996). The plaintiff may establish a prima facie case by direct evidence, or, more commonly, by circumstantial evidence of discriminatory motive. *Harrington v. Harris,* 108 F.3d 598, 606 (5th Cir. 1997). Prior to 1991, some courts held that there could be no viable claim under Section 1981 where the actual "making" or "enforcing" of contracts was not impaired. See *Patterson v. McLean Credit Union*, 491 U.S. 176 (1989). Congress responded to the Court's narrow construction of one of the nation's oldest and most important civil rights statutes with the Civil Rights Act of 1991. Congress added subsections (b) supra and (c) to § 1981.

44. Section 1981 claims have been brought in the retail/consumer context. See *Christian v. Wal-Mart Stores, Inc.*, 252 F3d 862 (6th Cir. 2001); *Hall v. Pa. State Police*, 570 F.2d 86 (3d Cir. 1978); Leach v. Hey- man, 233 F. Supp. 2d 906 (N.D. Ohio 2002); Kelly v. Bank Midwest, N.A., 161 F. Supp. 2d 1248 (D. Kan. 2001); *Joseph v. N.Y. Yankees P'ship*, No. 00 Civ. 2275(SHS), 2000 WL 1559019 (S.D.N.Y. Oct. 19, 2000); Hill v. Shell Oil Co., 78 F. Supp. 2d 764 (N.D. Ill. 1999); *Bobbitt by Bobbitt v. Rage, Inc.*, 19 F. Supp. 2d 512 (W.D.N.C. 1998). In *Lindsey v. SLT Los Angeles, LLC*, 447 F.3d 1138 (9th Cir. 2006), the Ninth Circuit recognized a Section 1981 claim for discrimination in nonemployment contracts. Id. at 1144. The Lindsey court adopted the standards set out by the Sixth and Seventh Circuits for establishing a prima facie case of discrimination in nonemployment contracts. Lindsey, 447 F.3d at 1145. To establish a prima facie case, plaintiff must show: "(1) [he] is a member of a protected class, (2) [he] attempted to contract for certain services, and (3) [he] was denied the right to contract for such services." Id. at 1145 (citing Christian v. Wal-Mart Stores, Inc., 252 F.3d 862, 872 (6th Cir. 2001),

45. In *Washington v. Duty Free Shoppers, Ltd.,* 710 F. Supp. 1288, 1289 (N.D. Cal. 1988) summary judgment was denied in Section 1981 case where airport store required minority customers, but not white customers, to produce passports and airline tickets. In *Bobbitt v. Rage Inc.*, 19 F. Supp. 2d at 518-20., the Western District of North Carolina court held that the African American plaintiffs had established prima facie § 1981 claim because although they were eventually served by the Defendant's restaurant, they, unlike the White customers eating there, were required to prepay for their food. The court found that the prepay requirement altered "an essential term of the customer/restaurateur contract

**Luem Et al. V. Greenfield Churrascaria Inc. Et al. COMPLAINT FOR DAMAGES**

- 10

because of race." Id. at 519. Consequently, the court found the Defendant had denied the plaintiffs of the " 'enjoyment of all... terms and conditions of the contractual relationship' that were enjoyed by white" customers. Id. (quoting 42 U.S.C. § 1981). That Plaintiffs were eventually served did not change the court's analysis.

46. Additionally, a District court in New York found that when an African American woman was required to change clothes before entering a restaurant, when other White patrons who were wearing similar or identical apparel were not asked to change, her § 1981 contract rights were violated despite the fact that she ultimately received service and completed her contract. Joseph v. N.Y. Yankees P'ship, No. 00 Civ. 2275(SHS), 2000 WL 1559019, at *4 (S.D.N.Y. Oct. 19, 2000).

47. In Christian v. Wal-Mart Stores, Inc., the 6th circuit announced a new prima facie test for a § 1981 claim that distinguishes the commercial services context from the employment context. The plaintiff, under the Christian rule, must establish (1) that she is a member of a protected class; (2) that she "sought to make or enforce a contract for services ordinarily provided by the Defendant's"; and (3) that she was "denied the right to enter into or enjoy the benefits or privileges of the contractual relationship" by either (a) being "deprived of services while similarly situated persons outside the protected class were not" and/or (b) receiving services in a "markedly hostile manner and in a manner which a reasonable person would find objectively discriminatory.' Id. 252 F.3d 862, 868-69, 872 (6th Cir. 2001).

48. In *Lindsey v. SLT Los Angeles, LLC*, 447 F.3d 1138, 1145 (9th Cir. 2005) the court stated inter-alia: "Although we find the Sixth Circuit's reasoning compelling, we need not decide today whether its modification of the fourth element of a prima facie case under section 1981 is required in many or all cases arising in a commercial, non-employment context. In the case before us, as we explain below, Panache has offered clear evidence that a similarly-situated group of a different protected class was offered the contractual services which were denied to Panache. We, therefore, apply all four elements to this case without deciding whether the fourth element must be relaxed in other circumstances." Id, 447 F.3d 1138, 1145 (9th Cir. 2005).

49. The fourth element the court was talking about in Lindsey is based on this four-part test: "(i) that [the plaintiff] belongs to a racial minority; (ii) that he applied and was qualified for a job for which

**Luem Et al. V. Greenfield Churrascaria Inc. Et al. COMPLAINT FOR DAMAGES**

- 11

the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications." Id. 447 F.3d 1138, 1145 n.2 (9th Cir. 2005) (citing McDonnell *Douglas Corp. v. Green*, 411 U.S. 792, 802-03, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Outside the employment context, the 9th Circuit in Lindsey used the three-part test in Christian with its modification to McDonnell's fourth element ( "(3) that she was "denied the right to enter into or enjoy the benefits or privileges of the contractual relationship" by either (a) being "deprived of services while similarly situated persons outside the protected class were not" and/or (b) receiving services in a "markedly hostile manner and in a manner which a reasonable person would find objectively discriminatory."" Christian supra, 252 F.3d 862, 868-69, 872 (6th Cir. 2001)).

50. Plaintiffs, who are Black, were in the process of making and enforcing their contract to eat at the restaurant when they were asked to leave and denied the opportunity to have more food. All elements under Christian are satisfied and the 9th Circuit has blessed this added element as seen in Lindsey supra. Plaintiffs continue to be harmed because of the restaurant's racial bias. Non-Black customers were not treated in a similar manner. Plaintiffs left the Restaurant without getting more food. But for the Restaurant's discriminatory conduct, Plaintiffs would not have been harmed. The emotional trauma is beyond description. It is incomprehensible pain, to be denied a benefit or privilege just because you are who you are - Black.

### THIRD CLAIM FOR RELIEF
### VIOLATION OF THE UNRUH CIVIL RIGHTS ACT

(Brought By all Plaintiffs Against All Defendants)

51. Plaintiffs hereby restate and incorporate by reference the preceding paragraphs as if set forth herein.

52. California Civil Code § 51 (b) states, "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

**Luem Et al. V. Greenfield Churrascaria Inc. Et al. COMPLAINT FOR DAMAGES**

- 12 -

53. The classes protected by the Unruh Civil Rights Act are illustrative, not exhaustive, as the Unruh Civil Rights Act is intended to protect all persons from arbitrary discrimination. *Vaughn v. Hugo Neu Proler Int'l.*, 223 Cal. App. 3d 1612, 1617 (1990); *O'Connor v. Village Green Owners Assn.*, 33 Cal. 3d 790, 795 (1983).

54. The restaurant is a business establishment. This is undisputed and it falls within the ambit of the Unruh Act. By humiliating Plaintiffs and depriving them of their right to eat for as long and as much as they wanted to because they are Black, a clear distinction was made on the basis of race with the attendant result of denying Plaintiffs full and equal shopping accommodations and facilities. If Plaintiffs were Asian or White, they would not have had suffered such treatment. In *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203, 232 [152 Cal.Rptr.3d 392, 294 P.3d 49]; CACI No.2507, 'Substantial Motivating Reason" was explained to be "something that moves the will and induces action even though other matters may have contributed to the taking of the action." Substantial motivating reason encompasses intent and causation CACI No. 3060, Unruh Civil Rights Act.

55. The Restaurant through its employees, clearly intended to discriminate against Plaintiffs as race was and continues to be a substantial motivating reason for depriving Plaintiffs, full and equal accommodations while shopping at the store. They were seated after people who came after them and who had no reservations. They were asked to leave the restaurant even though they had paid to experience the "All you can eat buffet." Defendant Kim told Plaintiffs to "go across the street." Plaintiff Francis was cornered when he went to the table. Defendant Kim knocked a glass of water on Plaintiffs' table and did not even clean it up. He threatened to call the Cops. Other customers did not receive this treatment.

56. UNRUH Act violations are per se injurious, *Koire v. Metro Car Wash* (1985) 40 Cal.3d 24, 33 219 Cal.Rptr. 133, 707 P.2d 195. Over and above that minimum, to say Plaintiffs were harmed is an understatement. Their lives have completely changed for the worse because of this experience. They cannot understand why they were treated this way simply because they are Black. It has caused severe psychological damage to Plaintiffs. Plaintiffs will never recover from this and every aspect of their social lives would be impacted. Their confidence levels have plummeted in epic proportions.

57. Black's Law Dictionary defines the "substantial-factor test" as "[t]he principle that causation

**Luem Et al. V. Greenfield Churrascaria Inc. Et al. COMPLAINT FOR DAMAGES**

- 13

exists when the Defendant's conduct is an important or significant contributor to the plaintiff's injuries."[3]  The Comments to Restatement (Second) of Torts § 431 (1965) explain that "[t]he word 'substantial' is used to denote the fact that the Defendant's conduct has such an effect in producing the harm as to lead reasonable men to regard it as a cause, using that word in the popular sense, in which there always lurks the idea of responsibility, rather than in the so-called 'philosophic sense,' which includes every one of the great number of events without which any happening would not have occurred.  "A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm," CACI No. 430. Causation: Substantial Factor. "To establish the element of actual causation, it must be shown that Defendant's' act or omission was a substantial factor in bringing about the injury." *Saelzler v. Advanced Grp*. 400 · 25 Cal. 4th 763, 107 Cal. Rptr. 2d 617, 23 P.3d 1143 (2001). Causation is a question of fact to be decided by the Jury, *McGarry v. Sax*, 158 Cal. App. 4th 983 at p. 994.

58. Plaintiffs are forever scarred by the incident at the store. The actions of the employees were not just a substantial factor but were the only factor that caused Plaintiffs' current mental anguish and emotional pain. The Restaurant through its employees was not just a significant contributor but the only contributor to Plaintiffs' injuries. It is clear as day that these injuries were caused by the actions of the employees who decided that Plaintiffs could not be offered the same accommodations as all other customers simply because they are Black. Every reasonable man (jury) would arrive at the conclusion that Defendant's and its employees were the only cause of this nightmare.

59. Plaintiff Luem has cried endlessly because of this incident. Each time she thinks of it, it brings her to tears. Plaintiff Luem has suffered from anguish, headaches, and emotional distress arising from the incident of being humiliated in front of her children and Greenfield's other guests. Plaintiffs Osborne and Francis were left emotionally distressed, devastated, frustrated, and embarrassed because of the way they were treated on a day when they decided to celebrate their dear mother. Plaintiffs may never recover from this because of the impact of the humiliation. There are no defenses to Defendants' conduct. Defendants cannot justify in any way why they acted in that way. Plaintiffs were not being unruly or disruptive.

**Luem Et al. V. Greenfield Churrascaria Inc. Et al. COMPLAINT FOR DAMAGES**

- 14 -

60. Plaintiffs may never recover from this. Plaintiffs Osborne and Francis were left devastated and have lost sleep because of the way they were treated on a day when they decided to celebrate their dear mother. Plaintiffs may never recover from this. There are no defenses to Defendants' conduct. The restaurant cannot justify in any way why it acted in that way. Plaintiffs were not being unruly or disruptive.

## FOURTH CLAIM FOR RELIEF

## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

(Brought By all Plaintiffs Against All Defendants)

61. Plaintiffs hereby restate and incorporate by reference the preceding paragraphs as if set forth herein.

62. Upon information and belief and based thereon, Defendants engaged in extreme and outrageous conduct with the intention of causing, or reckless disregard of the probability of causing, emotional distress when they denied Plaintiffs, the opportunity to eat as much as they liked at the "All You Can Eat Buffet." Plaintiffs suffered and continue to suffer severe and extreme emotional distress because of this treatment; and Defendants' outrageous conduct was the actual and proximate cause of the emotional distress. A defendant's conduct is "outrageous" when it is so "extreme as to exceed all bounds of that usually tolerated in a community." (*Potter v. Firestone Tire & Rubber Co*. (1993). 1001, 25 Ca1.Rptr.2d 550, 863 P.2d 795.) Arbitrarily discriminating especially based on race and other protected categories in the selection of who can enjoy the benefits of the "All You Can Eat buffet" is outrageous.

63. Defendants' actions were indeed extreme and outrageous. This was done on Mother's day. How devastating! Plaintiffs were served uncooked cheese bread. Water was spilled on their table. The employees simply did not care. Plaintiffs were told to go to the "across the street" as if that is where they belong.

64. The incident giving rise to this lawsuit happened on Mother's Day. Plaintiff Luem was being treated to lunch by her kids. The embarrassment and disgrace they received from Defendants is extremely outrageous. Discrimination based on race is not just outrageous, but provocative. It transcends the bounds of normalcy and destroys the victim inside-out. Plaintiffs were left emotionally drained and

**Luem Et al. V. Greenfield Churrascaria Inc. Et al. COMPLAINT FOR DAMAGES**

- 15 -

devasted by these incidents. Their lives have been scarred by this memory and they would need to keep seeking help in future to deal with the pain and suffering associated with this emotional trauma. Defendants' actions were solely to blame for this. Their prejudices were the only factor that led to the severe emotional pain Plaintiffs are now forced to deal with every day when they wake up and look in the mirror. Plaintiff Luem has cried endlessly because of this incident. Each time she thinks of it, it brings her to tears. She has suffered from anguish, headaches, and emotional distress arising from the incident of being humiliated in front of her children and Greenfield's other guests. Plaintiffs Osborne and Francis were left emotionally distressed, devastated, frustrated, and embarrassed because of the way they were treated on a day when they decided to celebrate their dear mother. Plaintiffs may never recover from this because of the impact of the humiliation. There are no defenses to Defendants' conduct. Defendants cannot justify in any way why they acted in that way. Plaintiffs were not being unruly or disruptive.

### FIFTH CLAIM FOR RELIEF

### (NEGLIGENT HIRING, TRAINING, SUPERVISION AND/OR RETENTION OF EMPLOYEE)

(Brought By all Plaintiffs Against Defendant Greenfield)

65. Plaintiffs hereby restate and incorporate by reference the preceding paragraphs as if set forth herein.

66. Plaintiffs were harmed by Greenfield's employees. Greenfield is responsible for that harm because it negligently hired/supervised and or retained employees.

67. Greenfield hired the employees who discriminated and threatened Plaintiffs. The employees were unfit or incompetent to perform the work for which they were hired as they clearly have racial bias. In fact another employee told Plaintiffs that Defendant Kim was wrong and asked Plaintiffs to imagine what it felt like working at the Restaurant. Plaintiffs were served uncooked cheese bread. Water was spilled on their table. The employees simply did not care.

68. Greenfield knew or should have known that employees were unfit or incompetent and that this unfitness or incompetence created a particular risk to others and the employees' unfitness or incompetence and racial bias harmed Plaintiffs.

**Luem Et al. V. Greenfield Churrascaria Inc. Et al. COMPLAINT FOR DAMAGES**

- 16 -

69. Greenfield's negligence in hiring and or supervising employee was a substantial factor in causing Plaintiffs the grievous emotional injury that they now suffer.

## SIXTH CLAIM FOR RELIEF

## VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200,

## ALSO KNOWN AS CALIFORNIA'S UNFAIR COMPETITION LAW ("UCL").

(Brought By all Plaintiffs Against Defendant Greenfield)

70. Plaintiffs hereby restate and incorporate by reference the preceding paragraphs as if set forth herein.

71. California's UCL prohibits any unlawful, unfair or fraudulent business act or practice. The above practice is a violation of California's Unruh Act and as such constitutes an unlawful business act under the UCL. The unlawful business practice of the restaurant is likely to continue thereby perpetuating discrimination. California has a compelling interest in eradicating discrimination. Unless the store is restrained by a permanent injunction, Plaintiffs and the general public will continue to be harmed. Pecuniary damages are not sufficient and there are no adequate damages at law.

72. Plaintiffs immediately left the restaurant when Mr. Kim said he was going to call the police and then knocked a glass of water on Plaintiffs' table. These were signs that violence was in his contemplation.

## SEVENTH CLAIM FOR RELIEF

## VIOLATION OF THE TOM BANE CIVIL RIGHTS ACT

(Brought By all Plaintiffs Against Defendant Greenfield and Defendant Kim)

73. Plaintiffs hereby restate and incorporate by reference the preceding paragraphs as if set forth herein.

74. The Tom Bane Civil Rights Act authorizes a claim against anyone who, by threats, intimidation, or coercion, interferes with the exercise or enjoyment of legal rights. Civ. Code §52.1.

75. Defendants by threats, intimidation and coercion caused Plaintiffs to reasonably believe that if they reasonably exercised their right to enjoy the benefits of their contract with the Restaurant, Defendants would commit violence against them and Defendants had the apparent ability to carry out the threats.

Luem Et al. V. Greenfield Churrascaria Inc. Et al. COMPLAINT FOR DAMAGES

- 17

76. In fact, Defendant acted violently against Plaintiffs and their property to prevent Plaintiffs from exercising their rights to enjoy the benefits of their contract with the Restaurant.  Defendant Kim knocked Plaintiffs' glass of water which spilled on to Plaintiff Luem's purse. It was at that point that Plaintiffs got up and left the Restaurant.

77. Defendants intended to deprive Plaintiffs of their right to enjoyment of the benefits of their contract with the restaurant. Defendants cornered Plaintiff Francis as he tried to get more food. Defendant Kim threatened to call the Police on Plaintiffs and eventually knocked a glass of water over on Plaintiffs' table.  This shows intent to deprive Plaintiffs of their rights.

78. Plaintiffs were harmed emotionally, and Defendants' conduct was a substantial factor in causing Plaintiffs' harm.

## EIGHTH CLAIM FOR RELIEF

## BREACH OF CONTRACT

(Brought by all Plaintiffs against Defendant Greenfield)

79. Plaintiffs hereby restate and incorporate by reference the preceding paragraphs as if set forth herein.

Plaintiffs entered into a Contract with the restaurant when they paid for the  "All you can eat Buffet." Plaintiffs did all that the contract required them to do which was to pay for their food. Defendants failed to allow Plaintiffs to stay and eat as much as they could eat.  The restaurant had no time-limits posted anywhere and Plaintiffs were never informed about any time limit. 2 hours and 30 minutes is not too much time to be at an All You Can Eat Buffet. Plaintiffs were harmed and Defendants Greenfield's breach of contract was a substantial factor in causing Plaintiffs' harm.

## PRAYER

**WHEREFORE**, Plaintiffs pray for judgment against Defendants as follows:

1. For general damages according to proof;
2. For compensatory damages according to proof;
3. For punitive damages where allowed and according to proof;
4. For pre-judgment interest if allowed by law;
5. For costs of suit herein incurred;

Luem Et al. V. Greenfield Churrascaria Inc. Et al. COMPLAINT FOR DAMAGES

- 18 -

6. For attorney's fees to the maximum extent allowed by law;

7. For declaratory and injunctive relief as to all claims for relief where allowed;

8. And for such other further relief as the court may deem proper.

**Dated this 28th day of July 2023.**

**KISOB LAW FIRM**

_____

Apemwoyah Kisob Alaric-Lorenzo Esq.

Attorney for the Plaintiffs

Luem Et al. V. Greenfield Churrascaria Inc. Et al. COMPLAINT FOR DAMAGES

- 19 -